IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEPHEN SILAS THOMAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-0025 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

Petitioner has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2241 challenging how his sentence is being "administered" or "imposed."[1] For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

## I.
## PROCEDURAL HISTORY

On February 20, 1981, petitioner was convicted in Dallas County, Texas, of the offense of aggravated robbery, such offense alleged to have been committed on October 28, 1980, and was sentenced to sixty (60) years confinement in the Texas Department of Criminal Justice, Correctional

---

[1] Petitioner has also filed two (2) petitions under 28 U.S.C. § 2254 challenging (1) respondent's calculation of time credits toward his sentence, *see Thomas v. Davis*, No. 2:14-CV-65; and (2) his 1981 conviction for aggravated robbery and the 60-year sentence assessed as a result. *See Thomas v. Davis*, No. 2:14-CV-27.

Institutions Division (TDCJ-CID). *State v. Thomas*, Cause No. F80-15637-IN. After crediting petitioner's sentence with pre-sentence jail time, TDCJ calculated petitioner's sentence begin date as November 19, 1980.

According to petitioner, he was granted release to parole from this 60-year sentence on or about December 27, 2000, after serving approximately twenty (20) years and 1 month of his 60-year sentence. On August 10, 2006, petitioner was arrested in Dallas County, Texas for a theft offense and, on November 17, 2006, while on parole, was convicted of the theft offense in Dallas County and sentenced to one (1) year. *See State v. Thomas*, No. F-06-69177.[2] Petitioner states his parole from his 60-year sentence was revoked and, on or about January 31, 2007, he was returned to prison after having been on parole for approximately six (6) years.

Petitioner advises he was again granted release to parole on or about May 21, 2008, after serving approximately 21 years and 5 months of his 60-year sentence. In August 2010 and May 2012, petitioner was convicted of theft offenses and assessed sentences of less than one year which he subsequently discharged. *State v. Thomas*, No. F-1072136-M (Dallas Co.), and No. 1278149D (Tarrant Co.). Instead of being sent to TDCJ to serve those sentences, petitioner began serving these sentences in a state jail facility and was apparently assigned a new prisoner identification number. Petitioner's parole from his 60-year aggravated robbery sentence does not appear to have been revoked as a result of these new state jail felony convictions.

On June 20, 2013, petitioner committed the offense of and was arrested for burglary of a building and, on July 19, 2013, while still on parole, petitioner was convicted in Dallas County, Texas, of the state jail felony offense of burglary of a building and sentenced to "7 months state jail

---

[2]Petitioner filed a state habeas action challenging his conviction in No. 06-69177, which was denied August 15, 2007 without written order on the trial court findings without a hearing.

division, TDCJ." *See State v. Thomas*, No. F-13-57073. The state court judgment further provided, "This sentence shall run concurrently." No other sentence, however, was identified as the sentence with which the burglary of a building sentence was to run concurrently. After crediting his sentence with pre-judgment confinement time, petitioner's begin date on this 7-month sentence was June 20, 2013.

On August 27, 2013, a parole revocation hearing was held on whether petitioner's parole from his 60-year aggravated robbery sentence in Cause No. F80-15637 should be revoked. On September 13, 2013, while serving this 2013 state jail offense sentence, petitioner's parole was revoked, after having been on release for approximately five (5) years and three (3) months. According to petitioner, his parole was revoked <u>solely</u> as a result of his new burglary of a building conviction in Cause No. F-13-57073.[3] It appears petitioner was granted early release from his 7-month state jail sentence on December 4, 2013 after serving 168 days of his sentence, but was not physically released from the state jail facility, possibly because of a parole revocation hold. On January 9, 2014, it appears petitioner was returned to prison on his original 60-year sentence. On January 15, 2014, it appears petitioner's 210-day sentence discharged.

On January 17, 2014, petitioner requested, through TDCJ-CID's internal time credit dispute resolution process, a correction of time credited toward the completion of his 60-year sentence. *See* Tex. Gov't Code Ann. § 501.0081. Petitioner appears to have requested (1) flat time credit for the period of time he spent on parole, and (2) flat time credit for time served in the state jail facility on his 7-month sentence. It appears petitioner was denied review of his claim for time credits on

---

[3] A June 25, 2013 Adjustment Statement, however, indicated petitioner had missed an MHMR appointment, had submitted an urinalysis which tested positive for drugs, and missed a scheduled home visit. The statement also indicated petitioner would not be eligible for ISF because of the charges pending against him.

February 12, 2014 because he had filed a prior time credit dispute and was only allowed one time credit dispute resolution per year. Petitioner has not provided the Court with copies of any previous time credit dispute claims he filed, nor has he challenged TDCJ's ruling.

It is unclear when petitioner placed the instant application for federal habeas corpus relief in the mail. However, such application was received and filed of record on February 7, 2014.

In October 2014, petitioner filed a state habeas corpus application identifying the burglary of a building state jail felony conviction as the trial court case number being challenged. On November 26, 2014, petitioner's state habeas application was dismissed with the notation that the sentence being challenged (the 7-month sentence) had been discharged. *In re Thomas*, No. WR-11,635-07. Petitioner then filed another application for a state writ of habeas corpus, this time challenging the execution of his 60-year sentence in his aggravated robbery case. On February 11, 2015, this application was dismissed without written order citing Texas Government Code § 501.008(b)-(c) for failure to use the prison time dispute resolution process of the Inmate Grievance System. *In re Thomas*, No. WR-11,635-08.

II.
PETITIONER'S ALLEGATIONS

Although it is somewhat unclear, petitioner's claims in this section 2241 habeas application appear to be:

1. Petitioner's 60-year sentence should be credited with the time he served on his 210-day state jail felony sentence, and the failure to credit his 60-year sentence with such flat or calendar time violates the *ex post facto* clause and constitutes a violation of due process and equal protection;

2. Petitioner's parole on his 60-year sentence should have been reinstated and he should have been again re-released to parole when he was released from his 210-day state jail felony sentence on December 4, 2013 or discharged his 210-day

sentence on January 15, 2014; and

3. Petitioner's state jail felony conviction in Cause No. F-13-57073 is void because his 210-day sentence did not run concurrently with his 60-year sentence in Cause No. F80-15637; the void state jail felony conviction in Cause No. F-13-57073 could not have been used to revoke his parole in Cause No. F80-15637.

## III.
## ALL CLAIMS ARE WITHOUT MERIT

Petitioner initially appears to argue that because the state court judgment in Cause No. F-13-57073 ordered the 210-day sentence to "run concurrently," his 60-year sentence in Cause No. F80-15637-IN should be credited with the time he served in state jail on this state jail sentence. According to petitioner, his parole on his 60-year sentence was revoked on September 13, 2013 (midway through serving his 7-month – 210-day – sentence), and he was granted early release from the 7-month state jail sentence on December 4, 2013. Petitioner appears to seek credit for either the full amount of time he served on his state jail sentence (June 20, 2013 - December 4, 2013) or from the date his parole was revoked until he was granted early release on his state jail sentence (September 13, 2013 - December 4, 2013) because the state jail felony judgment contained the language, "This sentence shall run currently."

Using the dates petitioner provided to the Court, he was still on parole on his 60-year sentence from June 20, 2013 through September 12, 2013 (with petitioner's parole being revoked on September 13, 2013). Petitioner would not have any valid claim for time credit toward his 60-year sentence for pre-parole revocation time spent in custody while serving his state jail felony sentence. First, there is no federal constitutional right to time credit for any period of confinement pending a state parole revocation. *Jackson v. Alabama*, 530 F.2d 1231, 1236-37 (5th Cir. 1976). Second, such custody was in service of petitioner's state jail felony sentence, not his 60-year sentence, and was

not pursuant to the execution of a pre-revocation warrant. *Cf. Wiggins v. Thaler*, 428 Fed.Appx. 468 (5th Cir. June 16, 2011). With regard to the post-parole revocation time from revocation through the purported date of petitioner's early release from his 7-month state jail felony sentence (September 13, 2013 - December 4, 2013) or for any time after petitioner was granted early release on his 7-month state jail felony sentence through the date he was returned to prison to resume his 60-year sentence (December 4, 2013 - January 9, 2015) or through the date he discharged his 7-month state jail felony sentence (December 4, 2013 - January 15, 2014), petitioner might have an arguable claim. However, petitioner has not exhausted his state administrative procedures or, more importantly, his state court remedies with regard to any time credit claim. Petitioner's state habeas application was dismissed for failure to properly pursue his claim through the prison's time dispute resolution system. Any claim for credit for those days is unexhausted. As to petitioner's constitutional claims he has not shown any *ex post facto*, due process or equal protection violations in this case.

With regard to petitioner's claim that his parole on his 60-year sentence should have been re-instated upon the discharge of his 7-month state jail felony sentence, petitioner has failed to provide any authority for this argument. Any concurrent sentencing language in the state jail felony judgment would not entitle petitioner to avoid revocation of parole on his 60-year sentence. His parole was subject to revocation due to petitioner having committed criminal offenses. The wording of the judgment for his state jail felony conviction does not affect the factual determination that he committed a burglary. Petitioner's claim is without merit.

Petitioner's last claim appears to be that his state jail felony conviction in Cause No. F-13-57073 is void. Petitioner asserts that because his 7-month state jail felony sentence did not run

concurrently with his 60-year sentence in Cause No. F80-15637, his conviction in Cause No. F-13-57073 is void and, being void, the conviction could not have been used to revoke his parole from his 60-year sentence in Cause No. F80-15637.

First, to the extent petitioner contends his state jail felony conviction in Cause No. F-13-57073 is void, such is an attack on the validity of a conviction and is not proper in a 2241 proceeding. Second, even if petitioner's claim challenging the validity of his conviction was being properly presented in a section 2254 proceeding, petitioner's claim would be time barred because it was not raised in a proper federal habeas petition filed within one (1) year after petitioner's conviction became final. Third, even if such a claim were being properly presented in this proceeding and was not time barred, to the extent petitioner contends his state jail felony conviction in Cause No. F-13-57073 is void because the plea agreement in that case was breached, petitioner has not demonstrated any breach of any plea agreement. Fourth, even if such a claim were proper in this proceeding and not time barred, to the extent petitioner contends his state jail felony conviction in Cause No. F-13-57073 is void because the directive in the judgment was violated, petitioner has not demonstrated he was physically confined and serving another sentence, at the time his judgment in the state jail felony case was entered, with which sentence the state jail felony sentence could "run concurrently." Moreover, the inclusion of the language "run concurrently," although ineffectual to the extent it did not identify any other sentence and petitioner did not begin serving another custodial sentence until, at the earliest, September 13, 2013 when his parole was revoked, did not render the state jail conviction void. Fifth, even if such a claim were proper in this proceeding and not time barred, petitioner's challenge to his conviction would be moot since petitioner discharged the 7-month state jail sentence prior to filing his federal habeas petition.

Lastly, to the extent petitioner, in this circular fashion, is actually challenging the revocation of his parole in Cause No. F80-15637 (based upon his state jail felony conviction in F-13-57073 being void), such an attack on the parole proceeding is also improper in this 2241 proceeding and would have to be brought in a section 2254 proceeding. Petitioner's claim that his conviction is Cause No. F-13-57073 was void is without merit and should be denied, as should his claim that his parole in Cause No. F80-15637 should not have been revoked because the revocation was based on a void conviction.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by petitioner STEPHEN SILAS THOMAS be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _17th_ day of January 2017.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).